## EHLEIN v. BRAYTON.

(Supreme Court, General Term, Fifth Department. January 18, 1893.)

1. PLEADING—AMENDMENT—NEW CAUSE OF ACTION.

In an action against a physician for negligence in causing a stiffening of the knee joint, the complaint alleged that defendant failed to manipulate the joint, but required the limb to stay in one position until it became immovable. *Held,* that it was proper to amend by adding an allegation that defendant permitted the joint to stiffen at such an angle that the limb was made useless, as it did not set up a new cause of action, but extended the charge of negligence contained in the original complaint.

2. SAME—RENEWAL OF MOTION.

Where a motion to amend is made while a new trial is pending, the objection that it is a renewal without leave of a motion already denied is not tenable where the motion formerly made was for leave to amend on the trial, after the evidence was in, to make the complaint conform to the evidence.

Appeal from special term, Erie county.

Action by Susan Ehlein against Samuel H. Brayton for damages for malpractice. From an order granting leave to plaintiff to amend her complaint, defendant appeals. Modified.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

M. Clark, for appellant.

Geo. Wing, for respondent.

DWIGHT, P. J. The action, which was to recover damages for alleged malpractice of the defendant as a physician, had been once tried, and a verdict given for the plaintiff. That verdict had been set aside, and a new trial granted, on motion of the defendant, made on the judge's minutes; and that order had been affirmed at general term, when, pending the new trial, the plaintiff made her motion for and obtained leave to amend her complaint.

The alleged negligence and unskillfulness of the defendant were exhibited in the treatment of the plaintiff for inflammatory rheumatism located in the knee joint, and the result complained of was the perma-

nent ankylosis or stiffening of the knee.    The single specification of neg-
ligence and unskillfulness of the defendant, made by the original com-
plaint, was that he failed to manipulate the joint, to bend and unbend
it, or to require the plaintiff to bend and unbend it, but, on the con-
trary, that he permitted and required the limb to be kept in one posi-
tion, without bending or unbending, until it became stiff and immov-
able.    The amendment of most importance desired by the plaintiff, and
allowed by the order appealed from, is one by which there is added to
the specification above the further allegation of negligence and unskill-
fulness in that, when the defendant found that the joint was liable to
become stiff and immovable, he did not place the limb in such position,
with the knee at such an angle, that, when stiffened, the plaintiff might
have borne her weight upon it in walking; but that, on the contrary,
he permitted the joint to become rigid at such an angle that the foot
does not reach the floor in walking, and the limb is therefore entirely
useless.    Other amendments sought to be made are (1) that the defend-
ant was negligent, etc., in his diagnosis of the case; (2) that he was neg-
ligent, etc., in his treatment of the case generally; (3) that, "as said
malady progressed, it became chronic articular rheumatism, or synovi-
tis."  .Aside from any general objections to the motion to amend this
complaint, we think that, on their individual merits, no one of the three
last-described amendments should have been allowed.    The first is too
indefinite, in that it does not specify what mistake of diagnosis was
made, nor how, if at all, the treatment of the case was affected by such
mistake, if any.    The second is, in terms, general, and specifies no
fault or defect of treatment.    The third merely gives a name to the dis-
ease in its advanced stage, and is connected only with a general allega-
tion of failure to administer the proper remedies, which specifies neither
what remedies were, nor what remedies should have been, administered.
It is quite clear, we think, that the amendment should not have been
allowed in either of the particulars last considered.    The first proposed
amendment, however, is of a different character.    It is specific; it does
not set up a new cause of action; it is, in effect, an enlargement or exten-
sion of the single specification of negligence and unskillfulness contained
in the original complaint.    There is nothing in the proposed amend-
ment itself to forbid its allowance.    Nor do we think the objection, based
upon the circumstances under which it is proposed, ought to be con-
clusive against it.    The objection that this is a renewal without leave of
a motion once made and denied is not tenable.    The motion formerly
made was for leave to amend on the trial, after the evidence was in, and
to make the complaint conform to the evidence.    That was a very dif-
ferent motion from this, and might have been, and probably was, denied
upon grounds entirely foreign to this application.    The objection that
the moving affidavit was made by the attorney, and not by the plaintiff,
ought not, under the circumstances, to prevail.    The facts of the case
may, it is true, be presumed to be within the knowledge of the party,
rather than of the attorney.    But in this case it is not so much the facts
as the inference of negligence to be drawn from the facts which is the
new matter referred to in the affidavit of Mr. Wing.    The same answer

must be made to the similar objection that a plaintiff will not be allowed to amend his complaint to set up facts of which he had knowledge at the time of commencing the action. The objection of laches is always one addressed to the discretion of the court, and it is not plain that that discretion was abused by the court at special term. The order granting leave to amend should be modified by limiting the amendment to the last allegation of fact contained in the proposed amended complaint, and, as modified, affirmed. So ordered, without costs of this appeal to either party. All concur.